[643 NYS2d 192]

In the Matter of JOSEPH A. WILLIAMS (Admitted as JOSEPH ANTHONY WILLIAMS), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 28, 1996

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Joseph A. Williams,* Brooklyn, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The petition contains one charge of professional misconduct against the respondent. The Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has not submitted any response to the Grievance Committee's motion.

Charge One alleged that the respondent failed to cooperate with a legitimate investigation by the Grievance Committee into his alleged professional misconduct.

By letter dated February 24, 1994, Grievance Counsel advised the respondent of the receipt of a complaint from Estelle Randall, alleging professional misconduct by the respondent. Although the respondent was directed to submit a written answer within 10 days, he failed to do so.

By letter dated April 15, 1994, Grievance Counsel again directed the respondent to submit a written answer to the Randall complaint within 10 days. The respondent again failed to submit a written answer as directed. The respondent failed to comply with three further requests from the petitioner for a written answer, sent via regular and certified mail, dated May 16, August 18, and November 4, 1994.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Based on the evidence adduced, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigating circumstances presented by the respondent at the hearing, including his son's illness and his own inexperience, which allegedly caused a panic reaction. However, the respondent never sought or received any professional assistance to deal with his reaction. The respondent, at one point, categorized this matter as "insignificant" and failed to submit an answer to the substantive complaint of professional misconduct against him, or to respond to the Grievance Committee's order to show cause seeking his immediate suspension and to its motion to confirm the Special Referee's findings. In view of his persistent failure to cooperate with the Grievance Committee, the respondent is suspended for one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Joseph A. Williams, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Joseph A. Williams, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.